NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 20 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| MANUEL RAMOS-AYALA,<br><br>                Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney<br>General,<br><br>                Respondent. | No.   20-72194<br><br>Agency No. A206-548-062<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 20, 2024[**]

Before: NGUYEN and HURWITZ, Circuit Judges, and PREGERSON,[***] District
Judge.

Manuel Ramos-Ayala, a native and citizen of Mexico, petitions for review of

a decision of the Board of Immigration Appeals ("BIA") dismissing his appeal from

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Dean D. Pregerson, United States District Judge for
the Central District of California, sitting by designation.

an order of an Immigration Judge ("IJ") denying cancellation of removal. We deny the petition.

1. Ramos challenges the agency's finding that he was ineligible for cancellation of removal because he failed to establish the required "exceptional and extremely unusual hardship" to a qualifying relative. *See* 8 U.S.C. § 1229b(b)(1)(D). The Supreme Court recently held that "the application of the exceptional and extremely unusual hardship standard to a given set of facts is reviewable as a question of law under [8 U.S.C.] § 1252(a)(2)(D)." *Wilkinson v. Garland*, 601 U.S. 209, 217 (2024). We therefore have jurisdiction to consider Ramos' petition for review.

2. To establish "exceptional and extremely unusual hardship," an applicant must show that upon his removal "qualifying relatives would suffer hardship that is substantially different from, or beyond, that which would normally be expected from the deportation of [a noncitizen] with close family members here." *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 65 (B.I.A. 2001). Factors to consider include "the ages, health, and circumstances of qualifying . . . relatives." *Id.* at 63. These factors are assessed "in their totality, often termed a 'cumulative' analysis." *In re Gonzalez Recinas,* 23 I. & N. Dec. 467, 472 (B.I.A. 2002).

Ramos argues that his son, Manuel, would suffer emotional, economic, educational, and medical hardship if Ramos were removed. But Ramos has not

2

shown that this hardship, assessed cumulatively, would be "substantially beyond that which ordinarily would be expected to result from" a parent's removal. *See In re Monreal-Aguinaga*, 23 I. & N. Dec. at 59 (cleaned up). "[I]t has long been settled that economic detriment alone is insufficient to support even a finding of extreme hardship." *In re Andazola-Rivas*, 23 I. & N. Dec. 319, 323 (B.I.A. 2002). There is no evidence that Manuel "would be deprived of all schooling or of an opportunity to obtain any education" if Ramos were removed. *Id.* And, although Manuel is covered by Ramos's health insurance, Manuel previously received state health insurance and there is no evidence that he suffers from any serious health problem.

3. Ramos contends that the IJ's failure to make an express determination about his credibility deprived him of due process by preventing the introduction of corroborating evidence. However, the IJ did not make an adverse credibility determination, and Ramos was therefore presumed credible on appeal to the BIA. *See* 8 U.S.C. § 1229a(c)(4)(C). And nothing in the record allows Ramos to overcome the presumption that the BIA considered the record in its entirety. *See Fernandez v. Gonzalez*, 439 F.3d 592, 603 (9th Cir. 2006). Nor does Ramos explain how the absence of an express credibility determination prevented him from providing corroborating evidence or what evidence he would have provided. *See Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620–21 (9th Cir. 2006) (to establish a due process violation, a petitioner must show fundamental unfairness and prejudice).

**PETITION DENIED.**